IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| FLAGSTAR BANK, FSB, ) | |
| ) | Civil Action No. 3:09-876-CMC |
| Plaintiff, ) | |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| FIRST CITIZENS BANK AND TRUST ) | |
| COMPANY, INC., RESOURCE ) | |
| MORTGAGE, INC., COMMUNITY ) | |
| RESOURCE MORTGAGE, INC., ) | |
| COMMUNITY RESOURCE BANK, ) | |
| N.A., AND COMMUNITY ) | |
| BANKSHARES, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Defendants' motion for partial summary judgment and dismissal.[1] Plaintiff has filed both a response and, at the court's invitation, a sur-reply. The latter primarily addresses Plaintiff's concession that certain parties should be dismissed from this action.

In addition, Plaintiff has filed a motion to amend the Complaint. The proposed amended complaint reflects Plaintiff's agreement to dismiss all but two Defendants. It also includes new allegations relevant to the inclusion of Defendant, First Citizens Bank and Trust Company, Inc.[2]

---

[1] Although captioned as a motion for partial summary judgment, the motion also seeks dismissal of multiple claims pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. The court, therefore, deems the motion a motion for partial summary judgment or dismissal. Because the pleadings are closed, the court construes Defendant's motion to dismiss as one arising under Rule 12(c).

[2] The court has considered the proposed amended complaint in resolving Defendants' motion only to the extent it suggests that deficiencies in the original Complaint might be cured by amendment, thus favoring dismissal without prejudice to amendment.

For the reasons set forth below, the court grants, in part, Defendant's motion for partial summary judgment or dismissal. Because certain aspects of the proposed amended complaint are inconsistent with the rulings herein, the court also denies the motion to amend the Complaint as presently proposed. The court will, however, allow Plaintiff to file a second motion to amend the Complaint within ten calendar days of entry of this order.

**STANDARD**

**Summary Judgment.** Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the nonmoving party has the ultimate burden of proof on an issue, the moving party must identify the parts of the record that demonstrate the nonmoving party lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

2

Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

**Failure to State a Claim.** A motion under 12(c) for judgment on the pleadings is subject to the same standard as motions made pursuant to Rule 12(b)(6). *See Independence News, Inc. v. City of Charlotte*, No. 08-1654, 2009 U.S. App. LEXIS 11842, at *10-11 (4th Cir. June 3, 2009). A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of its claims that entitles it to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (quoted in *Giarratano*, 521 F.3d at 302*). See also Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir. 1972) ("Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present.").

## COMPLAINT

The present dispute arises out of a contractual relationship between two of the presently named parties, Plaintiff Flagstar Bank, FSB ("Flagstar") and Defendant Resource Mortgage Inc. ("Resource Mortgage"). That relationship involved Flagstar's purchase of mortgages from Resource Mortgage. According to the Complaint, the terms of the relationship are set forth in (1) two agreements entered by these two entities, an August 1999 Agreement and a May 2001 supplement or amendment (collectively "Agreements"), and (2) Flagstar's "Wholesale Lending Division–Correspondent Seller's Guide" ("Guide"), which is incorporated into the Agreements by reference.

Flagstar alleges that eight mortgages it purchased from Resource Mortgage (later named Community Resource Mortgage, Inc. ("CRM")) between April 2003 and February 2005, failed to satisfy the requirements of the Agreements and Guide. Flagstar also alleges that these failures were the result of misrepresentations. In this regard, the Complaint alleges as follows:

> 20.     All of the Subject Loans at issue were acquired by Flagstar in reliance upon various representations by the respective borrowers, loan and real estate brokers, appraisers, sellers and escrow officers for each of the Subject Loans regarding, among other things, the creditworthiness of the respective borrowers, the nature and terms of the respective transactions, and/or the value of the property to be used as security for each Loan.
>
> * * *
>
> 22.     . . . Defendants knowingly participated in preparing and submitting to Plaintiff the subject Loan Packages.
>
> 23.     Upon information and belief, Plaintiff alleges that the respective Loan Packages contained false representations of material fact concerning, among other things[:] (a) the identities and or creditworthiness of the purported borrower or borrowers; (b) the nature and terms of the underlying real estate transactions; and/or (c) the value of the particular Subject Properties to be used as security for the Loan.

\* \* \*

> 25. Upon information and belief, Plaintiff alleges that in order to induce Plaintiff to purchase the Subject Loans, a series of misrepresentations were made to Plaintiff about the respective borrowers on each of the Subject Loans and/or the bonafide nature of the Subject Transactions.

Complaint ¶¶ 20-25.

The nature of the alleged deficiencies and misrepresentations relating to the eight mortgages at issue are also set out in the Complaint. These allegations are summarized below:

| Loan | Deficiencies and/or Misrepresentations |
| --- | --- |
| Burkett | Inflated appraisal and title problem (borrower held only 1/3 ownership) |
| Dickinson | Inflated appraisal and incorrect borrower income information |
| Gaines | Inflated appraisal |
| Gallishaw | Inflated appraisal and borrower not eligible (strawman borrower) |
| Jordan | Inflated appraisal |
| Locklear/Dalton | Inflated appraisal |
| Pearson | Inflated appraisal |
| Wever | Inflated appraisal |

Complaint ¶¶ 26-33.

In later paragraphs of the Complaint, Flagstar suggests somewhat obliquely that the false or erroneous representations referenced above were "representations by Defendants." Complaint ¶ 34. Flagstar also states that "Defendants were charged with contractual responsibility to ascertain the truth about the false representations and statements alleged above[.]" Complaint ¶ 35. Flagstar does include a boilerplate allegation, made on information and belief, "that the Defendants made the representations alleged herein with the knowledge that the representations were false at the time they were made and with the intent of deceiving and inducing Plaintiff to enter into the Subject Loan Transactions[.]"  There are, however, no specific factual allegations offered in support of this

5

conclusory allegation.[3] Neither does Flagstar distinguish between the actions of the different Defendants.

Based on the above allegations, Plaintiff alleges six causes of action: (1) Fraud; (2) Negligent Misrepresentation; (3) Breach of Contract; (4) Negligence/Breach of Professional Duties; (5) Breach of Fiduciary Duty; and (6) Unjust Enrichment. All causes of action are asserted against all Defendants.

## DISCUSSION

### I.     Proper Party Defendants

One day after answering, Defendants filed a motion for partial summary judgment that also included arguments for dismissal of multiple claims under Rules 9(b) and 12(b)(6).[4] The only arguments in that motion which rely on a proffer of evidence beyond the Complaint and its attachments (the Agreements) relate to the proper party Defendants. Specifically, Defendants seek summary judgment on behalf of all Defendants other than Community Resource Mortgage, Inc. ("CRM") based on an affidavit explaining the corporate relationships between the various Defendants.

---

[3] There are, for example, no factual allegations which would support an inference that any Defendant or its agent was the original author of a false statement or was aware of the falsity of the alleged misrepresentations.

[4] In its motion to amend the Complaint, Plaintiff erroneously states that Defendants have not answered. An answer was filed on behalf of all Defendants on April 15, 2009. *See* Dkt. No. 12.

In its sur-reply, Flagstar concedes that all Defendants other than CRM and First Citizens should be dismissed.[5] The court, therefore, considers Flagstar's responsive argument as to parties only as it relates to First Citizens. Flagstar argues that the court should not grant summary judgment to First Citizens without first allowing discovery into the particulars of and reasons for the decision not to merge CRM into First Citizens, as was done with CRM's parent company, Bankshares, and CRM's sibling company, CRB. Flagstar suggests that this decision may support imposition of liability on First Citizens given the related fact that these transactions appear to have left CRM as an entity which has no assets and exists only on paper.

Given the pendency of the motion for summary judgment at the time of Flagstar's concession that Defendants CRB, Bankshares, and Resource Mortgage (as a separately named entity) should be dismissed, the court finds that this dismissal should be *with prejudice*. The court also concludes that Defendant First Citizens should be dismissed in light of Flagstar's explanation of the basis of its claims against this entity. This is because Flagstar's explanation suggests, at most, an intent to pursue recovery from First Citizens under a veil-piercing theory, not for its own independent wrongful actions, and no such theory is currently pled.[6] The dismissal of First Citizens

---

[5] Flagstar concedes that Community Resource Mortgage, Inc. ("CRM") is the current name of the entity formerly known as Resource Mortgage, whose name changed in late 2001 as a result of Community Bankshares' ("Bankshares'") purchase of Resource Mortgage. Thus, Flagstar concedes that Resource Mortgage should not be named as an independent entity. Flagstar also concedes that Defendant CRB (a sibling company of CRM, also owned by Bankshares) should be dismissed because it has been merged into Defendant First Citizens, which was the corporate survivor of the merger of CRB, Bankshares, and First Citizens, and which occurred in late 2008.

[6] In Plaintiff's proposed amended complaint, Plaintiff alleges that "First Citizens maintained CRM, the unprofitable Bankshares subsidiary, as a separate entity in November 2008 solely to avoid any exposure of First Citizens to the debts and obligations of CRM while absorbing the profitable subsidiary of Bankshares, CRB, into the fold of First Citizens at a time when it was well aware of the claims set forth in this lawsuit." Dkt. No. 24-2 at ¶ 22 (Proposed Amended Complaint). This language does not adequately plead a veil-piercing theory.

7

is, however, *without prejudice* to Flagstar's right to file an amended complaint setting forth a valid veil-piercing theory. Any such complaint shall be filed within the time allowed by the scheduling order and shall include sufficient factual allegations to support an inference that the asserted veil-piercing claim is "plausible on its face." *See Twombly,* 550 U.S. at 570.

## II.     Contract Claim

Defendants argue that all Defendants other than CRM should be dismissed from the contract claim. This is because only CRM (then known as Resource Mortgage) was a party to the relevant Agreements.[7]

Through its sur-reply, Flagstar concedes this argument (seeking dismissal or summary judgment in favor of all Defendants other than CRM) as to all Defendants other than First Citizens. Flagstar's arguments as they relate to First Citizens (contained in Flagstar's original response) are as set forth above regarding the proper parties. The court has reviewed the Complaint and its attachments and finds no allegations which would raise a plausible inference that First Citizens is *directly* liable for any breach of the underlying Agreements. The court, therefore, dismisses the contract claim as to all Defendants other than CRM. This dismissal is with prejudice to naming any Defendant other than CRM as a direct Defendant in any contract claim. For the reasons and to the extent set forth above, the dismissal is without prejudice to amendment of the Complaint to seek recovery from First Citizens under a properly-pled veil-piercing theory.

---

[7] This argument rests on the Agreements which were included as exhibits to the Complaint. It is, therefore, properly considered under Rule 12(b)(6).

8

**III.    Other Causes of Action**

Defendants argue that all other causes of action "are either insufficiently pleaded or without merit as a matter of law."  Dkt No. 17-2 at 3.   Thus, Defendants seek dismissal (rather than summary judgment) as to the remaining claims and seek this dismissal in favor of all Defendants.[8]

      **A.    Fraud and Negligent Misrepresentation**

Defendants first argue that the first and second causes of action, for fraud and negligent misrepresentation respectively, fail for lack of specificity under Rule 9(b) of the Federal Rules of Civil Procedure.  That rule requires specification of the "time, place, speaker, and . . . content of the alleged misrepresentations."   This argument rests, in part, on Flagstar's failure to distinguish between the Defendants and, in part, on its failure to plead facts which would raise an inference that any Defendant was aware of or responsible for any false statement by a borrower or inflated appraisal.

Flagstar responds that it has sufficiently identified the misstatements to provide fair notice of the content and source of the misstatement.  For example, the source of the alleged inflated appraisal would be the appraisal itself.  Similarly, the misstatement of borrower ownership or income would be in an application or similar document within the mortgage application documents.  Presumably all of the underlying documents were delivered to Flagstar in a single set.  That delivery constitutes the representation by one or more Defendants.  Under these circumstances, Flagstar argues that the information provided in the Complaint adequately discloses the  "time, place, speaker, and . . . content of the alleged misrepresentations."  Flagstar argues that no distinction is

---

[8] As noted above, Plaintiff conceded in its sur-reply that all Defendants other than CRM and First Citizens should be dismissed.

necessary between CRM and the other Defendants because Defendants are "one in the same," for purposes of the fraud and misrepresentation claims. Dkt. No. 18 at 9.

The court finds these allegations insufficient to reach beyond CRM (to First Citizens or any other Defendant) because there is no allegation any other entity was involved in the relevant transactions. As to CRM, the court finds the allegations minimally sufficient to support the negligent misrepresentation claim but insufficient to support the fraud claim. The latter conclusion is because Plaintiff fails to allege any facts which would suggest a plausible basis for attributing the alleged false statements to CRM *as the speaker*, as opposed to as an entity which passed on the statements of others without knowledge of their falsity.[9]

The court, therefore, denies the motion to dismiss the negligent misrepresentation claim as it relates to Defendant CRM and grants the motion to dismiss the fraud claim. Dismissal of the fraud claim is without prejudice to proper repleading this claim against Defendant CRM.

### B.     Negligence

Defendants next argue that the fourth cause of action (negligence) is redundant of the negligent misrepresentation claim. In addition, they argue that there is no legal basis outside of the contract for imposing a duty on any Defendant to insure the correctness of the application information. Defendants further note that the existence of a duty of care is a question of law for the court. Thus, Defendants argue that this cause of action should be dismissed for failure to state a claim due to the absence of a legal duty.

---

[9] In a subsequent argument relating to the fourth cause of action (negligence), Flagstar concedes that "[b]y and large this information was provided by people other than Defendants, including the appraiser and the borrower." There are no factual allegations which would support an inference that any Defendant was actually aware of the falsity of the information at the time it was provided to Flagstar.

Flagstar responds that S.C. Code Ann. § 40-58-70 imposes a duty on Defendants distinct from the contractual duties arising under the Agreement and incorporated Guide. Flagstar argues that this code section "prohibits . . . a mortgage broker in South Carolina from intentionally misrepresenting a material fact, term or condition of a mortgage transaction." Dkt. No. 18 at 10. Flagstar then argues that this prohibition on intentional misrepresentation was breached by Defendants' failure to *verify* third-party information because, through that failure, "Defendants . . . intentionally made the decision to risk the chance of providing false information."

As Defendants note in their reply, the statute on which Flagstar relies addresses the duties of mortgage brokers. *See generally* Dkt. No. 19 at 5 (Defendants' Reply). Nothing in the Complaint suggests that CRM or any other Defendant acted as a mortgage broker with respect to the transactions at issue. Moreover, Defendants fall within the express exemptions from this statute. *See* S.C. Code Ann. § 40-58-20 (defining "exempt person or organization" as including "a bank, a bank holding company, . . . [and] their affiliates and subsidiaries").

Flagstar has failed to plead or direct the court to any other legal basis for imposing a duty of due care on Defendants (or, more particularly, on CRM) beyond the duty arising out of the contractual relationship evidenced by the Agreements. The court, therefore, dismisses the negligence claim (as distinct from the negligent misrepresentation claim) based on the absence of a non-contractual duty of due care. This dismissal is with prejudice as Flagstar has failed to suggest any plausible basis for imposition of a non-contractual duty of due care either in the Complaint, the proposed amended complaint, or any memorandum filed in relation to any pending motion.

11

### C.      Breach of Fiduciary Duty

Defendants argue that the fifth cause of action for breach of fiduciary duty should be dismissed because the relationship between Plaintiff and CRM was not of a fiduciary nature. Defendants further note that the existence of a fiduciary relationship is an equitable issue which should be resolved by the court based on the allegations of the Complaint. In the present case, the Complaint suggests only that the parties' relationship was that of buyer and seller in a series of commercial transactions.

As with the negligence claim, Flagstar responds to this argument by relying on the statutory provisions applicable to mortgage brokers. Specifically, Flagstar relies on S.C. Code Ann. § 40-58-78 which imposes a duty of "'utmost care, honesty and loyalty' with regard to the transactions [mortgage brokers] are involved in." Dkt. No. 18 at 11. This reliance is misplaced for the reasons set forth above.

Flagstar also relies on a "Special Limited Irrevocable Power of Attorney" which was part of the 1999 Agreement and authorized *Flagstar* to act on behalf of CRM (then named Resource Mortgage) with respect to certain activities. This reliance is also misplaced as any fiduciary duty arising from this power of attorney would be owed *by* Flagstar *to* CRM, and not the other way around.

Flagstar has suggested no other basis for imposing a fiduciary duty on CRM or any other Defendant. The claim for breach of fiduciary duty is, therefore, dismissed with prejudice.

### D.  Unjust Enrichment

Finally, Defendants argue that the sixth cause of action for unjust enrichment should be dismissed. This argument rests on the existence of an express contract and the well-recognized rule that there can be no claim for unjust enrichment (quasi-contract) where the relationship is governed by an express contract.

Flagstar responds by noting that it may be left without any other theory of relief if this claim is dismissed, given the number of Defendants from which it is seeking relief (five at the time this argument was made) and Defendants' arguments for dismissal of all claims other than the contract claim. *See* Dkt. No. 18 at 12 ("If Defendants are correct, for example that the contract causes [sic] of action only apply to CRM, this sixth cause of action for unjust enrichment might be the only cognizable cause of action against the other Defendants."). While this argument may explain why Flagstar sought to include an unjust enrichment claim, it does not support the claim's legal viability. Flagstar's claim for unjust enrichment is, therefore, dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' motion is granted in part and denied in part as follows: (1) all claims except the contract based claim and the negligent misrepresentation claim are dismissed, dismissal is with prejudice as to the negligence, breach of fiduciary duty, and unjust enrichment claims and without prejudice as to the fraud claim; (2) all Defendants other than CRM are dismissed from this action; (3) dismissal is with prejudice as to all Defendants other than First Citizens; and (4) dismissal of First Citizens is with prejudice except to the extent Flagstar may seek recovery from First Citizens under a veil-piercing theory.

Certain portions of the proposed amended complaint are inconsistent with the rulings set forth above. The court, therefore, denies the motion to amend the complaint without further briefing. This denial is without prejudice to filing of a motion to amend in conformity with the rulings herein. Any such motion shall be filed no later than June 29, 2009.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 17, 2009