IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| FLAGSTAR BANK, FSB, ) | |
| ) | Civil Action No. 3:09-876-CMC |
| Plaintiff, ) | |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| FIRST CITIZENS BANK AND TRUST ) | |
| COMPANY, INC., RESOURCE ) | |
| MORTGAGE, INC., COMMUNITY ) | |
| RESOURCE MORTGAGE, INC., ) | |
| COMMUNITY RESOURCE BANK, ) | |
| N.A., AND COMMUNITY ) | |
| BANKSHARES, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Defendants' motion for partial summary judgment as to claims arising from or relating to the loan identified as the "Burkett Loan" in the Second Amended Complaint ("Complaint"). For the reasons set forth below, this motion is granted and Plaintiff is precluded from further pursuit of claims based on alleged deficiencies in the Burkett Loan.

## STANDARD

**Summary Judgment.** Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn

therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the nonmoving party has the ultimate burden of proof on an issue, the moving party must identify the parts of the record that demonstrate the nonmoving party lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## DISCUSSION

Through this action, Plaintiff seeks recovery from Defendants for losses flowing from Plaintiff's purchase of a number of mortgage loans. The subject loans were originated by one or more of the Defendants, sold to Plaintiff, and, thereafter went into default. Plaintiff alleges that each of the loans was made (and sold) based on false information contained in the loan documents or related paperwork. Plaintiff seeks recovery for the resulting losses from Defendants under the following three legal theories of recovery: (1) negligent misrepresentation; (2) breach of warranty; and (3) civil conspiracy.

The present motion relates only to the Burkett Loan. Plaintiff alleges that its losses on this loan derive from two items of false information contained in the loan documents: (1) an inflated appraisal; and (2) a false statement that the borrower was the sole owner of the property. As

2

explained below, Defendants challenge the factual basis for the first allegation and assert factual and legal defenses to any claim for damages flowing from the second.

**I.      Inflated Appraisal**

Defendants assert and Plaintiff concedes that the appraisal contained in the loan documents is "consistent with the appraisal performed by Plaintiff's expert in connection with this suit." Dkt. No. 141 at 3, n.1 (Plaintiff's opposition memorandum). Without further explanation, Plaintiff asserts that "this issue makes no difference for purposes of this Motion." *Id.* Plaintiff does not otherwise address the issue of the allegedly defective appraisal.

Because Plaintiff also relies on alleged defects in the title, the absence of evidence of a defect in the appraisal does not, alone, defeat any cause of action as to the Burkett Loan. This is not to say that the absence of such evidence "makes no difference." To the contrary, the absence of such evidence entitles Defendants to a ruling under Fed. R. Civ. P. 56(d) that Plaintiff may not pursue recovery under any theory as to the Burkett Loan based on allegations that the appraisal was defective.

**II.     Title Deficiency**

For purposes of summary judgment, Defendants concede that (1) the borrower on the Burkett Loan was not the sole owner of the property as stated in the loan documents; and (2) this gives rise to a claim for breach of warranty. Dkt. No. 138-1 at 5-7. Thus, Defendants assume for purposes of this motion that Plaintiff may have had a right to recover under the contract for losses resulting from the defect in title. Nonetheless, Defendants argue that Plaintiff cannot recover because it made and settled a claim against the title insurance policy based on this deficiency *and has failed to*

3

*present evidence that it has suffered any loss attributable to the defect beyond the amounts recovered in that settlement.*

In opposing this argument, Plaintiff relies on the collateral source rule which, Plaintiff notes, is generally applied in tort actions to prevent the wrongdoer from reducing the injured party's claim for damages by amounts received from some independent source such as insurance. Dkt. No. 141 at 6-9. Although Plaintiff notes that Defendants' argument goes beyond "seek[ing] credit for the title insurance proceeds" by asking "the Court to absolve them from liability *entirely* for the Burkett Loan," it fails to proffer any evidence that the losses attributable to the title defect exceed what was received in the settlement with the title insurance company.[1]

On reply, Defendants argue that the collateral source rule is generally not applicable to contract claims and is particularly inappropriate for application in this case because the title insurance was purchased as part of the mortgage loan transaction at issue in this action. Dkt. No. 142 at 4-8.[2] In other words, the title insurance is not a collateral source under the facts of this case.

The court agrees that the collateral source rule is inapplicable under the facts of this case because the title insurance was purchased by the borrower as part of the loan transaction. Under these circumstances, the title insurance is simply not a collateral source: it is part of the benefit bargained for by the originating financial institution (one of the Defendants) and passed on to Plaintiff with the sale of the loan. Indeed, had the originating financial institution not sold the loan to Plaintiff, that entity would have received the benefit of the same insurance policy. Given the

---

[1] Despite Plaintiff's argument as to the collateral source rule, it concedes that it has given Defendants the benefit of the title insurance payment in calculating damages.

[2] Defendants did not address the collateral source rule in their opening memorandum.

conclusion that the title insurance policy is not a collateral source under the facts of this case, the court need not decide whether and to what extent the collateral source rule applies to contract claims generally.[3]

The court, therefore, returns to Defendants' opening argument: that Plaintiff's settlement with the title insurance company should be *presumed* to fully satisfy the losses attributable to any deficiency in title *absent evidence to the contrary*. Again, the court agrees with Defendants' position as Plaintiff has the burden of proving its damages or, more precisely, of proving that the loss claimed in this action is attributable to the title defect (given the absence of evidence of other defects attributable to Defendants).

Unfortunately, Plaintiff has offered no response to this aspect of Defendants' argument beyond expressing incredulity that Defendants seek complete relief from liability based on the title insurer's payment of less than the full loan value. Dkt. No. 141 at 9. This leaves the record devoid of evidence to support an essential element of Plaintiff's claims to the extent based on any defect in the title: that it suffered damages resulting from a defect in title beyond those compensated by the title insurance settlement.

Plaintiff's alternative argument based on its potential right to recover attorney's fees and costs under Section 4.1 of the parties' Agreement fares no better. Dkt. No. 141 at 5 (quoting Section 4.1); *id*. at 9 (alternative argument). The court will assume without deciding that Section 4.1(a) authorizes the form of recovery sought. Plaintiff has not, however, proffered evidence that it has incurred losses "including . . . attorney's fees and costs" as a result of a covered breach relating to the Burkett Loan. For example, Plaintiff has failed to identify any fees or costs incurred in

---

[3] In any event, Plaintiff asserts both tort and contract claims in this action.

5

negotiations with the title insurance company which might be covered under Section 4.1(a). In addition, Plaintiff has failed to proffer evidence in this action sufficient to establish any basis for liability as to the Burkett Loan. Thus, assuming without deciding that Section 4.1(a) authorizes fees and costs incurred in this action to the extent Plaintiff proves liability, the rulings set forth above preclude such recovery as it relates to the Burkett Loan.

These conclusions preclude any recovery based on allegations that there was a defect in title in the Burkett Loan, regardless of the theory of recovery. The only other alleged defect in the Burkett Loan, the allegedly inflated appraisal, has proven to be without evidentiary support as discussed above. This leaves Plaintiff with no factual basis for recovery as to the Burkett Loan, regardless of the theory of recovery.[4]

### III. Conspiracy

In addition to the above grounds for summary judgment on Plaintiff's claims to the extent founded on the Burkett Loan, the court notes a complete absence of evidence of any conspiracy as it relates to this loan.[5]

---

[4] Defendants make an additional argument as to insufficiency of evidence of negligent misrepresentation. This argument appears only on reply and is not, therefore, considered here.

[5] In responding to Defendants' argument for summary judgment as to the conspiracy claim (as it relates to the Burkett Loan), Plaintiff refers to the "admitted forgery" of the appraisal which supports the Wever Loan. Even if there was some evidence to connect one or more Defendants to this forgery, and none is offered, it would not be sufficient to suggest a conspiracy as to the separate Burkett Loan.

6

## CONCLUSION

For the reasons set forth above, Defendants' motion for partial summary judgment is granted and Plaintiff is precluded from further pursuit of claims based on alleged deficiencies in the Burkett Loan.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
July 20, 2010